Submitted on record and briefs July 28, sentences vacated; remanded for resentencing; otherwise affirmed August 31, 2005

STATE OF OREGON,
*Respondent,*

*v.*

DAVID EARL STONE,
*Appellant.*

CR01-02058; A118330

118 P3d 830

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jill Smith, Assistant Attorney General, filed the opening brief for respondent. Doug M. Petrina, Assistant Attorney General, filed the supplemental brief.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

---

* Schuman, J., *vice* Richardson, S. J.

**LANDAU, P. J.**

Defendant was convicted of possession of a controlled substance, ORS 475.992(4)(b), manufacture of a controlled substance, ORS 475.992(1)(b), felon in possession of a firearm, ORS 166.270, and identity theft, ORS 165.800. The trial court treated the manufacture of a controlled substance count as the primary offense. The court assigned a criminal history score of "B" to that offense and imposed a presumptive sentence. The court imposed a concurrent presumptive sentence on the possession of a controlled substance count. The court found that the felon in possession count arose out of a separate criminal episode from the other counts. It assigned that count a criminal history score of "B," and it imposed a consecutive presumptive sentence. As for the identify theft count, the court found that defendant was a "repeat property offender," *see* ORS 137.717, and imposed a consecutive presumptive sentence. As to all of the convictions, the court ordered under ORS 137.750 and ORS 137.752, that defendant not be considered for early release or sentence reductions. The court also imposed fines on three of the convictions.

On appeal, defendant advances a number of assignments of error: (1) the trial court erred in failing to "shift to I" when calculating defendant's criminal history score on the felon in possession conviction; (2) the felon in possession statute violates the constitutional right to bear arms guaranteed by Article I, section 27, of the Oregon Constitution; (3) under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the trial court erred in calculating defendant's criminal history score based on facts not admitted by him or submitted to a jury, in ordering consecutive sentences, in finding defendant to be a repeat property offender, and in ordering fines.

The state concedes that, under *Williamson v. Schiedler*, 196 Or App 302, 101 P3d 364 (2004), the trial court erred in failing to "shift to I." We agree and accept the state's

concession. Because the error requires a remand for resentencing, it is not necessary to address defendant's other contentions concerning the sentences.

As for the constitutionality of the felon in possession statute, the Supreme Court's recent decision in *State v. Hirsch/Friend,* 338 Or 622, 114 P3d 1104 (2005), in which the same arguments were rejected, is controlling.

Sentences vacated; remanded for resentencing; otherwise affirmed.